IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BROADCAST MUSIC, INC., *et al.*, | ) | CASE NO. 1:19CV1563 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| JAMMS MIDNIGHT MOON SALOON, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

It has come to the Court's attention that Defendant Jamms Midnight Moon Saloon, Inc. ("Jamms"), a corporation, is being represented by its co-Defendant, Joseph A. Niemi, who is not an attorney. This is clear from the docket and from the filings made by Defendants. See Doc. 6 (Answer and Counterclaim) and 8 (Defendants' Motion to Dismiss).

It is well settled that a corporation cannot appear in court except through an attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *Doherty v. American Motors Corp.*, 728 F.2d 334, 340 (6th Cir. 1984). An officer of the corporation may not represent a corporation in court if the officer is not an attorney. *Reich v. Pierce*, 45 F.3d 431, n.1 (6th Cir. 1994); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). A lack of resources does not excuse a corporate party's failure to have counsel appear on its behalf. *See NK Beer Wine, Inc. v. United States*, 2009 WL 1874031, at *1 (W.D. Mich. June 29, 2009). Courts have consistently applied this rule, "even in cases of severe financial hardship." *See Talasila Inc. v. United States*, 240 F.3d 1064, 1067 (Fed. Cir. 2001). Absent counsel, a corporation cannot "otherwise defend" an action in federal court. *See H & W Invs., Inc. v. 1580*

1

*Indus. Park Investors, LLC*, 2013 WL 5426153, at *1 (W.D. Tenn. March 7, 2013), *adopted in part and rev'd in part on other grounds*, 2013 WL 5427877 (W.D. Tenn. Aug. 21, 2013).

Thus, it is not permissible for Defendant Jamms to represent itself pro se or to be represented by Defendant Joseph Niemi, who is not an attorney. Accordingly, the Court instructs Jamms to obtain counsel and to have said counsel file a notice of appearance on the docket within thirty (30) days of the date of this Order. Failure to follow this Order will result in the Court dismissing Jamms' counterclaims and entering default judgment against it for its failure to defend and prosecute this matter pursuant to Federal Rules of Civil Procedure 41(b) and 55.

The Case Management Conference currently set for January 9, 2020, is hereby canceled and will be reset by the Court when all parties are properly represented.

IT IS SO ORDERED.

Dated: December 2, 2019

/s/ *Kathleen B. Burke*
Kathleen B. Burke
United States Magistrate Judge